UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>ABC DISPOSAL SERVICE, INC., NEW BEDFORD WASTE SERVICES, LLC, MICHAEL A. CAMARA, KENNETH J. CAMARA and STEVEN A. CAMARA,<br><br>Defendants. | C.A. No. 1:16-cv-10454-GAO |
| ABC DISPOSAL SERVICE, INC., and NEW BEDFORD WASTE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,<br><br>Defendant. | Case No. 1:17-cv-10249-GAO |

## STIPULATED CONFIDENTIALITY ORDER

Whereas, the parties to this action have stipulated that certain discovery materials are and should be treated as confidential, and have agreed to the terms of this Stipulated Confidentiality Order ("Order"); accordingly, it is hereby ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials that may be subject to discovery, including without limitation electronically stored information ("ESI") (hereinafter collectively "documents") shall be subject to this Order concerning

confidential information as set forth below. The protections conferred by this Order shall cover documents designated as CONFIDENTIAL by any party or non-party pursuant to the terms of the Order. The scope of this Order does not include the treatment of personal identifying information or individual financial data of consumers to whom privacy protections are mandated by law, which information and data will be the subject of further discussion and order(s), if necessary, to the extent that the production of such data is sought.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. A party may designate as CONFIDENTIAL document(s) produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such document(s). Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as CONFIDENTIAL as otherwise allowed by this Agreement, and the producing party may thereafter designate such documents within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.

3. **Documents That May be Designated Confidential.** Any party may designate as CONFIDENTIAL any document or other discovery material that the party has in good faith determined contains information protected from disclosure by statute or contract, and/or as

sensitive personal information, trade secrets, proprietary data, or sensitive research, development, financial, or commercial information.

4. **Non-Individual Review Election.** In order to facilitate timely and cost-effective disclosure of a large number of documents that may contain CONFIDENTIAL information, but that have not yet been individually reviewed, the producing party may elect to designate an entire production of documents, or any specified subsection thereof, as CONFIDENTIAL, with the understanding that if, upon review, the party seeking discovery believes such designation is unwarranted for a particular document, that party may bring the document to the producing party's attention for an independent review of whether to maintain the CONFIDENTIAL designation or remove it, pursuant to the procedure set forth in ¶ 9. If a party elects to so produce documents, it will inform the party seeking discovery of this election, and any documents so produced shall be treated as CONFIDENTIAL unless and until such time it is designated otherwise by waiver, agreement or order of the Court.

5. **Depositions.** Deposition testimony and the transcripts and video recordings of depositions conducted in this action shall be treated as CONFIDENTIAL for a period of fifteen (15) business days, or such different number of days as the parties may agree in writing, after receipt of such deposition transcript and/or video recordings. Within fifteen (15) business days after receipt of the transcript, a designating party may serve a notice of designation to all parties of record as to specific portions of the transcript and/or video recordings to be designated CONFIDENTIAL. Any party to the action may also designate documents and/or information disclosed during a deposition as CONFIDENTIAL by so indicating on the record during the deposition. Deposition testimony so designated shall remain CONFIDENTIAL pending challenge under the terms of this Order.

6. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated CONFIDENTIAL and produced in this proceeding shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b) for any purposes whatsoever other than preparing for and conducting the litigation (including any appeal).

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or other information designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(12) below. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

   (1) the Court, including court personnel;

   (2) court reporters and their assistants, to the extent reasonably necessary for reporting and recording of depositions, hearings and proceedings;

   (3) counsel of record in the action and employees of such counsel who have responsibility for the preparation and trial of the action;

   (4) in-house counsel for a party to the action, including legal assistants and other legal and clerical staff;

   (5) present and former employees, officers and directors of the party producing the documents designated CONFIDENTIAL;

   (6) vendors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(7) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8) any mediator or arbitrator selected by the parties;

(9) individual parties to the action;

(10) insurers of the defendant in this action;

(11) to the extent not covered by (1) - (10) above, person(s) or entities who are subpoenaed to testify at deposition or trial in this litigation and their counsel, but only to the extent necessary in connection with such testimony and subject to the terms of this Agreement; and

(12) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order.

d. **Copies.** All copies or duplicates (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order or any portion of such a document shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All copies shall be deemed CONFIDENTIAL and shall be afforded the full protection of this Order whether or not marked as such.

e. **Subpoena.** If a court or government agency subpoenas or orders production of documents designated as CONFIDENTIAL from a party to the action, such party shall promptly notify counsel for the party or non-party who produced or designated the documents CONFIDENTIAL of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order. Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the documents covered by the subpoena or order are subject to this Order.

7. **Filing of Confidential Materials.** In the event a party seeks to file any document that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the document receives proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as CONFIDENTIAL to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.

8. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order

unless the party moves for an Order providing such special protection. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any other ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any document and/or other information on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the documents covered by this Order.

9. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

b. A party may serve upon the designating party a challenge to the designation of any document or other discovery material designated as CONFIDENTIAL. The challenge shall specify the document(s) to which the challenge is directed and shall set forth the reasons for the challenge as to each document or category of documents. The challenging party and the party that designated the document(s) to which challenge has been made shall have ten (10) business days from service of the challenge to meet and confer in a good faith effort to resolve the challenge by agreement. Unless otherwise agreed, a response to any challenged CONFIDENTIAL designation must be received within ten (10) business days of the meet and confer between counsel. If the parties cannot reach agreement as to any challenged CONFIDENTIAL designation, the challenging party may file a motion with the Court within thirty (30) days after

receiving the response to the challenged designation, setting forth in detail the basis for the challenge.

c. Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are CONFIDENTIAL withdraws such designation in writing; or

(2) the Court rules that the documents should no longer be designated as CONFIDENTIAL information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed in writing or ordered by a court.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined above (¶ 6.d) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Where destruction has

been chosen under (2) or (3) above, the party responsible for destroying the documents shall certify to their destruction within three business days after the documents have been destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the documents or information designated CONFIDENTIAL.

11. **Order Subject to Modification.** This Order shall be subject to modification on stipulation of the parties to the action and approval by order of the Court, or upon motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and serves the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

14. **Inadvertent Production of Privileged or Protected Documents.** Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of documents protected by privilege or work product protection. If a party inadvertently produces documents that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of those documents will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies with this paragraph. In such circumstances, the producing party must notify in writing all parties to which the documents were inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected documents. Upon such notification, the parties shall treat the documents as privileged or protected unless and until the parties agree otherwise or the Court determines the documents are not privileged or protected. Within ten (10) days of receiving such notification, all receiving parties shall (a) return the documents to the producing party; or (b) confirm in writing to the producing party the destruction of all such documents, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the documents claimed to be privileged or protected; or (c) notify the producing party in writing of the basis for its disagreement that such documents are privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the documents asserted to be privileged for the sole purpose of

responding to a motion by the producing party to deem the documents privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such documents and all other documents or records that include, communicate or reveal the documents claimed to be privileged or protected. Should the parties be unable to agree on whether the documents are privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the documents privileged or protected and to obtain the return of any copy of such documents still held by the receiving party. Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege and work-product protection is not waived by disclosure connected with the litigation pending before this court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| SMALL BUSINESS TERM LOANS, INC., D/B/A BFS CAPITAL | ABC DISPOSAL SERVICE, INC. AND NEW BEDFORD WASTE SERVICES, LLC |
| By its attorneys, | By their attorneys |
| */s/ Donald R. Frederico* | */s/ Charles R. Bennett* |
| Donald R. Frederico (BBO#: 178220) | Charles R. Bennett (BBO: 037380) |
| dfrederico@pierceatwood.com | cbennett@muprhyking.com |
| Nolan Reichl (BBO#: 668498) | Christopher Condon (BBO: 652430) |
| nreichl@pierceatwood.com | ccondon@murphyking.com |
| Nicholas P. Brown (BBO#: 676462) | MURPHY & KING, PC |
| nbrown@pierceatwood.com | One Beacon Street |
| PIERCE ATWOOD LLP | Boston, MA 02108-3107 |
| 100 Summer Street, Suite 2250 | (617) 423-0040 |
| Boston, MA 02110 | |
| (617) 617-488-8100 | Dated: September 22, 2017 |

Dated: September 22, 2017

MICHAEL A. CAMARA, KENNETH J. CAMARA and STEVEN A. CAMARA,

By their attorney,

*/s/ David B. Madoff*
David B. Madoff, Esq. (BBO#: 552968)
madoff@mandkllp.com
MADOFF & KHOURY LLP
Pine Brook Office Park
124 Washington Street, Suite 202
Foxboro, MA 02035
T: (508) 543-0040

Dated: September 22, 2017

IT IS SO ORDERED.

___October 12___, 2017

_____
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>ABC DISPOSAL SERVICE, INC., NEW BEDFORD WASTE SERVICES, LLC, MICHAEL A. CAMARA, KENNETH J. CAMARA and STEVEN A. CAMARA,<br><br>Defendants. | C.A. No. 1:16-cv-10454-GAO |
| ABC DISPOSAL SERVICE, INC., and NEW BEDFORD WASTE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SMALL BUSINESS TERM LOANS, INC. D/B/A BFS CAPITAL,<br><br>Defendant. | Case No. 1:17-cv-10249-GAO |

**ACKNOWLEDGEMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Stipulated Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters

relating to the Stipulated Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

        Name:                [undersigned name]
        Job Title:            [Job Title]
        Employer:          [Employer]
        Business Address:  [Business Address]

Date: _____                [Signature]_____